## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## AT KANSAS CITY

| | |
|---|---|
| **THERESA HILL, on behalf of herself and those similarly situated,** | |
| **Plaintiff,** | **Case Number:** |
| **vs.** | |
| **LEXISNEXIS RISK SOLUTIONS BUREAU LLC** | **Jury Trial Demand** |
| **Defendant.** | |

### COMPLAINT – CLASS ACTION

Now comes Plaintiff, Theresa Hill, by and through counsel, and for her Complaint, states and avers as follows:

### INTRODUCTION

1.      Plaintiff, Theresa Hill, brings this class action pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* (hereinafter "FCRA") for violation by the defendant, LexisNexis Risk Solutions Bureau LLC ("Lexis").

2.      This class action alleges that Lexis willfully violated the Fair Credit Reporting Act, 15 U.S.C. §1681e(b) ("FCRA"). This lawsuit challenges the manner in which Lexis reports civil judgments and the procedures it fails to follow to ensure the maximum possible accuracy of those judgments that are satisfied or similarly dismissed.

3.      Lexis fails to follow reasonable procedures to gather information from the courts when the civil judgments are satisfied, vacated, appealed or similarly dismissed, with the same

rigor and process that it employs to gather information initially when those judgments are initially entered in favor of various judgment creditors, many of which include its paying subscribers.

4.    Plaintiff and each putative class member were the subject of a consumer report that was sold or published to a third-party, which inaccurately reflected that the underlying judgment against them was still due and owing at such time when it was not.

5.    These provisions of the FCRA were enacted by Congress in "1970 out of concerns about abuses in the consumer reporting industry." *See Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 414 (4th Cir. 2001) (citing S. Rep. No. 91–517, at 3 (1969)). As one legislator remarked, "with the trend toward… the establishment of all sorts of computerized data banks, the individual is in great danger of having his life and character reduced to impersonal 'blips' and key-punch holes in a stolid and unthinking machine which can literally ruin his reputation without cause, and make him unemployable." 116 Cong. Rec. 36570 (1970).

6.    Lexis's dissemination of false information is a harm that "has a close relationship to a harm that traditionally been regarded as providing a basis for a lawsuit in English or American courts"—for example, slander, libel, or defamation. *Spokeo v. Robins, Inc.*, 136 S. Ct. 1540, 1549 (2016).

7.    Lexis's dissemination of false information is a concrete harm sufficient and exposes Plaintiff and putative class members to the risk of real harm.

8.    Because of Lexis's failure to update its information with accurate public data, Plaintiff and the putative class were  deprived of information that they are statutorily entitled, which is a classic form of informational injury. *Spokeo*, 136 S. Ct. at 1550 (quoting *Pub. Citizen v. Dep't of Justice*, 491 U.S. 440, 449 (1989)).

9. Plaintiff brings this action to secure redress for Lexis's violations of the FCRA. Plaintiff seeks statutory damages attorney fees and costs.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court is conferred under 28 U.S.C. §1331 and 15 U.S.C. §1681p.

11. Venue in this district is proper because Lexis conducts business in this district and the events upon which this action is based transpired in this district.

## PARTIES

12. Plaintiff Theresa Hill is a resident of this district and is a "consumer" as defined by the FCRA. 15 U.S.C. §1681a(c).

13. Lexis is a for profit corporation doing business throughout the United States, including in this district, and a "consumer reporting agency" as defined and governed by the FCRA. 15 U.S.C. §1681a(f).

## FACTS

14. On or about June 20, 2013, a civil judgment was entered against Plaintiff, and in favor of A-1 Properties KC, LLC, in case number 1316-CV13193 ("Judgment") following an order of default by the Associate Circuit Court of Jackson County at Kansas City.

15. On June 17, 2014, Plaintiff moved to set-aside the Judgment.

16. On July 24, 2014, the Jackson County Associate Circuit Court set-aside the Judgement.

17. On or before July 24, 2014, Lexis began reporting the Judgment.

18. As of December 20, 2017, Lexis continued to report the Judgment inaccurately as not paid, and as not vacated, dismissed or satisfied.

19.    Between the date that Lexis added the Judgment, on or before July 24, 2014 and December 20, 2017, Lexis furnished or sold consumer reports with the inaccurate Judgment reporting.

20.    Said consumer reports were "consumer reports" as governed by the FCRA, 15 U.S.C. § 1681a and all were furnished using the Plaintiff's credit file containing the inaccurate Judgment.

21.    Unlike credit accounts, Lexis affirmatively sought out public records data, including civil judgments such as the Judgment related to Plaintiff, to report to the world about consumers when it sells or furnishes their credit files to third-parties.

22.    At all times relevant herein, Lexis proactively gathered and disseminated this derogatory information even though there is nothing in the FCRA that affirmatively requires it to do so. The reporting of civil judgments primarily benefits Lexis's customer base who rely on the reporting of these judgments as a tool when making decisions to extend credit, offer housing, etc.

23.    At one time, Lexis relied on in-person manual reviews of civil courthouse records to collect the information it reported about civil judgments. Typically, clerk's offices would make available copies of termination records – satisfactions, dismissals, vacates and appeals. Weekly update reports were made available. Docket books were examined. A careful, in person review was conducted.

24.    However, sometime after 2006, Lexis abandoned this more careful process and began collection of judgment information solely from automated resources.

25.    At all times relevant, the methods and processes used by Lexis to gather data related to civil judgments, namely satisfactions, vacaturs, appeals and other dismissals was materially the

same.

26.    At all times relevant, Lexis collected and reported on all civil judgments. In contrast, Lexis did not collect and report on all civil judgment terminations.

27.    At all times pertinent hereto, Lexis's conduct was willful and carried out in reckless disregard for a consumer's rights as set forth under the FCRA. By example only and without limitation, the conduct is willful, as it was intentionally accomplished through intended procedures; these procedures have continued despite the fact that Lexis has been subject to court decisions in critical of similar conduct.

28.    Lexis's diligence in collecting and reporting derogatory information is believed by it to be of greater economic value to its paying customers than "disposition" information that demonstrated that a debt was no longer owed to those customers.

29.    At all times relevant hereto, Lexis acted by and through its agents, employees, and/or representatives who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Lexis.

## <u>LEXIS ACTED WILLFULLY</u>

30.    Lexis knew or should have known that its actions and omissions violated the FCRA.

31.    Lexis procured, or had available to it, substantial written materials that informed it of its duties under the FCRA.

32.    Any reasonable consumer report agency that sells or furnishes consumer reports knows about, or should know about, and can easily discover the federal mandates arising under the FCRA related thereto.

5

33.     Despite knowing of its legal obligations, Lexis acted consciously in breaching its known duties and depriving Plaintiff and other members of the class of their rights under the FCRA.

34.     As a result of these FCRA violations, Lexis is liable to Plaintiff and to each FCRA Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2) for each of the violations alleged herein, and for attorneys' fees and costs pursuant to §1681n and §1681o.

## CLASS ACTION ALLEGATIONS

35.     Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action for herself and on behalf of a class (the "Class") initially defined as follows:

> All natural persons who (1) were the subject of Lexis consumer report between within five years of the filing of this lawsuit (2) where the Lexis consumer report shows a civil judgment was entered and (3) that civil judgment was subsequently set-aside, dismissed, satisfied, appealed, or vacated, but (4) 90 days or more after the civil judgment was set-aside, dismissed, satisfied, appealed, or vacated, Lexis sold or furnished the consumer report to a third-party without reflecting that the civil judgment has been set-aside, dismissed, satisfied, appealed, or vacated.

36.     Numerosity. FED. R. CIV. P. 23(a)(1). The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by Lexis, and the Class members may be notified of the pendency of this action by published and/or mailed notice. Numerosity can be inferred by Defendant's size, that it employees thousands of employees and the fact that its omissions are part of its routine business practice.

37.     Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2). Common questions of law and fact exist as to all members of the Class. These

questions predominate over the questions affecting only individual members. These common legal

and factual questions include, among other things and without limitation:

a.    Whether Lexis adopted procedures whereby it collected and reported updates to public record civil judgments that were less systematic and effective than those it used to collect and report the underlying judgments;

b.    Whether Lexis's uniform procedure for collecting judgment dispositions (including those of its agent) was a reasonable procedure to ensure maximum possible accuracy in the credit reports it furnished;

c.    Whether the violations alleged by Lexis herein were conducted recklessly, knowingly, or intentionally in conscious disregard of the rights of class members; and

d.    Whether Lexis' conduct constituted violation of the FCRA.

38.    Typicality. FED. R. CIV. P. 23(a)(3). Plaintiff's claims are typical of the claims of

each Class member. Plaintiff seeks only statutory and punitive damages. In addition, Plaintiff is

entitled to relief under the same causes of action as the other members of the Class.

39.    Adequacy. Plaintiff is an adequate representative of the Class because her interests

coincide with, and are not antagonistic to, the interests of the members of the Class she seeks to

represent, she has retained counsel competent and experienced in such litigation, and she intends

to prosecute this action vigorously. Fed.R. Civ.P. 23(a)(4). Plaintiff and her Counsel will fairly

and adequately protect the interests of members of the Class.

40.    Superiority. Questions of law and fact common to the Class members predominate

over questions affecting only individual members, and a class action is superior to other available

methods for fair and efficient adjudication of the controversy. Fed.R. Civ.P. 23(b)(3). The statutory

and punitive damages sought by each member are such that individual prosecution would prove

burdensome and expensive given the complex and extensive litigation necessitated by Lexis's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Lexis's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

41.    Injunctive Relief Appropriate for the Class. Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members. Fed.R. Civ.P. 23(b)(2).

**WHEREFORE**, Plaintiff and the Class Members pray for relief as follows:

1.    An order certifying the proposed FCRA class herein under Federal Rule 23 and appointing Plaintiff and her undersigned counsel of record to represent same;

2.    The creation of a common fund available to provide notice of and remedy Lexis's FCRA violations;

3.    Statutory and punitive damages;

4.    Equitable and/or declaratory relief;

5.    Attorneys' fees, expenses and costs;

6.    Pre-judgment and post-judgment interest as provided by law; and

7.    Such other relief the Court deems just, equitable and proper.

## JURY DEMAND

Plaintiff demands trial by jury.


Respectfully Submitted,


By: ___/s/ A.J. Stecklein___
A.J. Stecklein #46663
Michael H. Rapp #66688
Stecklein & Rapp Chartered
748 Ann Avenue
Kansas City, Kansas 66101
Telephone:   (913) 371-0727
Facsimile:   (913) 371-0147
Email: aj@kcconsumerlawyer.com
        mr@kcconsumerlayer.com


Keith J. Keogh-*pro hac* to be filed
Amy L. Wells-*pro hac* to be filed
Keogh Law, Ltd.
55 W. Monroe Street, Suite 3390
Chicago, IL 60603
Telephone:   (312) 726-1092
Facsimile:   (312) 726-1093
Email: keith@keoghlaw.com
        awells@keoghlaw.com

Attorneys for Plaintiff