IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THERESA HILL, ON BEHALF OF HERSELF AND THOSE SIMILARLY SITUATED; <br><br> Plaintiff, <br><br> v. <br><br> LEXISNEXIS RISK SOLUTIONS BUREAU LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 4:18-00560-CV-RK |

**ORDER APPOINTING A SPECIAL MASTER**

In light of Plaintiff Theresa Hill's ("Plaintiff") October 25, 2019 request for Defendant LexisNexis Risk Solutions Inc. ("LNRS") to supplement discovery including : (1) the relationship between LNRDM and LNRS; (2) the documents describing/illustrating of what becomes of the data produced by LNRS to its users; (3) discovery as to other complaints; (4) scoring models of credit explaining the implication of an inaccurate civil judgment entry upon a consumer report and (5) the identify[1] of:

> 1) All persons who had an active Civil Judgment in their consumer file with you during the class period.
> 2) Of those identified in No. 1, all persons whose report was sold or otherwise provided to a third-party user (this may be narrowed to the five germane reports: LexisNexis® Risk View Consumer Disclosure Report, InsurView™ Consumer Disclosure Report, Accurint® for Collections: Decisioning Workflow, Life Public Records Disclosure Report, and Banko Consumer Disclosure Report)

(hereinafter, the "Class Data Request"), the Court finds it is necessary to appoint a Special Master. Therefore, it is hereby, **ORDERED** that the Court appoints F. Coulter DeVries as Special Master to preside over the parties' efforts in reaching an agreement to resolve the current dispute regarding the Class Data Request (to the extent feasible).

The Special Master shall consider arguments of the parties and issue orders and reports appropriate to resolve the parties' disputes concerning the Class Data Request.

---

[1] Plaintiff has suggested Defendant produce a subset of persons who disputed such a Civil Judgment.as a compromise.

The Special Master shall possess and may exercise, to the extent permitted by law, Federal Rule of Civil Procedure 53, and the United States Constitution, all powers to make such orders as may be necessary and appropriate to fulfill the duties assigned to the Special Master under this Order, subject to review by the Court.

The parties and their counsel shall provide the Special Master with their full cooperation, including making available to the Special Master any files, databases, documents or pleadings necessary to fulfill his functions.  The Special Master shall not disclose any documents or data he receives in this matter to anyone except the parties or this Court, without consent from the parties.  The Special Master shall handle all documents he receives with care and take reasonable steps to ensure such documents are not accessed by outside individuals or entities. The Special Master shall abide by the Joint Protective Order, entered in this case on January 22, 2019, when handling "Confidential Information" as defined by the Joint Protective Order.

The Special Master may communicate *ex parte* with the Court on any matter, including if a party is being uncooperative or to assess costs.  The Special Master may communicate *ex parte* with the parties to discuss the merits of a particular dispute, for the purpose of resolving that dispute, but only with the prior permission of the opposing counsel involved.

The Special Master shall issue a report to the Court on all matters within his jurisdiction within sixty (60) days of the date of this Order or upon such other schedule as the Special Master deems necessary.  The Special Master shall serve a copy of his report on each party consistent with Fed. R. Civ. P. 53.

Any party may object to any order or report issued by the Special Master by filing a written objection with the Court within fourteen (14) days of the issuance of such order or report.  Any response to such objection must be in writing and filed within seven (7) days of the filing of the objection.  The report of the Special Master will be reviewed by the Court consistent with Fed. R. Civ. P. 53.  Failure to file a timely objection may waive the right to object.

This referral to the Special Master is limited to the duties specified herein.  This appointment shall terminate upon the submission by the Special Master of his final report, unless extended by further order of the Court.

The Special Master shall receive compensation for his services herein at the hourly rate of $325.  The Special Master's fees and other costs incurred by the Special Master in connection with this appointment shall be allocated equally between the parties.  The Courts grants the Special

Master the right to recommend to the Court a reallocation between the parties of their fees and expenses based upon the parties' compliance with the discovery process. The Special Master shall maintain their billing records of time spent on this matter, documents received from the parties, and copies of their orders and reports.

The Clerk of Court shall provide the Special Master with complete access to the electronic court file without charge.

This Order is subject to amendment by the Court *sua sponte*, upon application of the parties, or upon application of the Special Master. Jurisdiction of this action is retained by the Court.

s/ Roseann A. Ketchmark<br>
ROSEANN A. KETCHMARK, JUDGE<br>
UNITED STATES DISTRICT COURT

DATED:  January 22, 2020