### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | |
|---|---|
| THERESA HILL, ON BEHALF OF HERSELF AND THOSE SIMILARLY SITUATED; | ) ) ) ) |
| Plaintiff, | ) ) Case No. 4:18-00560-CV-RK |
| v. | ) ) ) |
| LEXISNEXIS RISK SOLUTIONS BUREAU LLC, | ) ) ) |
| Defendant. | ) |

## ORDER REGARDING DISCOVERY DISPUTE

Before the Court is Plaintiff's discovery plan. (Doc. 124.) The plan is opposed, and briefing is complete. (Docs. 124, 128, 132.) After careful consideration, the plan is approved, and Defendant is **ORDERED** to produce the relevant data to Plaintiff.

Plaintiff submitted a plan for discovery (the "plan") on November 2, 2020. (Doc. 124.) In the plan, Plaintiff requests Defendant produce civil judgment data files sold or provided to TransUnion during the relevant prospective class period. In support, Plaintiff provides a report of its expert Dr. Vivek Shah. Defendant argues the Court should not grant this request because Plaintiff's request will still fail to provide information from which a class can be ascertained, and that Plaintiff's expert relies on faulty assumptions. Defendant's arguments are without merit.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Proportionality concerns "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* The party objecting to discovery must show specifically how each discovery request is irrelevant or otherwise not subject to discovery. *See* Fed. R. Civ. P. 34(b); *Smith v. AT&T*, No. 4:19-00881-CV-RK, 2020 WL 4586876, at *3 (W.D. Mo. Aug. 10, 2020).

Here, the material issue at stake concerns class certification and is critical to Plaintiff's action. The amount in controversy, although not definitively ascertainable, seems substantial with thousands of potential class members. Significantly, as it regards the access to the accessibility information, Defendant has maintained throughout this litigation that it does not maintain "frozen scans" of what a consumer's file looked like at a given time. As such, Plaintiff has had to seek alternative means from which to identify a class, justifying the current discovery request. Moreover, it appears the parties have the resources to produce the proposed discovery, and resolution of the present issues will be important if not determinative in a motion to certify the class or other dispositive motion. Finally, the Court addresses the Defendant's argument that the burden is too great for any likely benefit. While the Court is sensitive to that argument, it amounts to disagreeing with Plaintiff's expert.[1] Dr. Shah, in his report, has stated that the data provided in the sample revealed 7,521 satisfaction of judgment reports that were reported 90 days or more after the effective date for that satisfaction of judgment. (Doc. 124, p. 8.) Dr. Shah also states he can identify these individuals. (*Id.*, p. 9.) From this, the Court believes it is possible, though not certain, Plaintiff could successfully move for class certification.[2] Therefore, the Court **GRANTS** Plaintiff's request and **ORDERS** Defendant to produce the data files, from the period July 24, 2013 through July 24, 2018, within thirty (30) days of this Order.[3]

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  December 3, 2020

---

[1] Notably, Defendant has not provided any expert opinion for its critiques of Dr. Shah. The Court further notes that Defendant's arguments, while relevant here, are more appropriate for the motion to certify the class.

[2] To be clear, the Court is not ruling on the merits of any motion at this time.

[3] If Defendant believes it needs additional time, it can file a motion for extension with the Court, and the Court will review the merits of any motion at that time.