**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**KANSAS CITY**

THERESA HILL, on behalf of herself and those
similarly situated,

    Plaintiff,

  v.

LEXISNEXIS RISK SOLUTIONS INC.,

    Defendant.

Case Number: 4:18-cv-00560-RK

ORAL ARGUMENT REQUESTED

FILED UNDER SEAL

**SUGGESTIONS IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Keith J. Keogh, *pro hac vice*
William M. Sweetnam, *pro hac vice*
KEOGH LAW, LTD
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
312-726-1092
keith@keoghlaw.com
wsweetnam@keoghlaw.com

A.J. Stecklein #46663
Michael Rapp #66688
Matthew S. Robertson #70442
STECKLEIN & RAPP, CHTD.
748 Ann Avenue
Kansas City, Kansas 66101
(913) 371-0727
aj@kcconsumerlawyer.com
mr@kcconsumerlawyer.com
msr@kcconsumerlawyer.com

*Attorneys for Plaintiff and the Class*

108514

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... - 1 -

ARGUMENT ..................................................................................................................... - 1 -

I.    BACKGROUND ................................................................................................. - 1 -

   A.   Plaintiff's Claims and the Proposed Classes ............................................... - 1 -

   B.   Certification of FCRA Claims Are Common ............................................. - 4 -

   C.   LNRS' Civil Judgment Information Business ............................................ - 5 -

II.   Requirements for Class Certification .................................................................. - 5 -

    A.   Ascertainability ......................................................................................... - 6 -

    B.   Federal Rule of Civil Procedure 23(a) ...................................................... - 7 -

      1.   Numerosity ......................................................................................... - 7 -

      2.   Commonality ...................................................................................... - 8 -

      3.   Typicality ........................................................................................... - 9 -

      4.   Adequacy ........................................................................................... - 10 -

    C.   Federal Rule of Civil Procedure 23(b)(3) ................................................. - 11 -

      1.   Predominance ..................................................................................... - 11 -

      2.   Superiority .......................................................................................... - 14 -

    D.   Federal Rule of Civil Procedure 23(c)(4) – Alternative "Issues" Class ............................ - 14 -

CONCLUSION .................................................................................................................. - 15 -

## **TABLE OF AUTHORITIES**

**Cases**

*Babich v. Hendrick Auto. Grp. Corp.*, *No. 08-00137-CV-W-JTM, 2009 U.S. Dist. LEXIS 138654*
*(W.D. Mo. Mar. 20, 2009)*.................................................................................................. 7

*Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1126 (9th Cir. 2017) ........................................ 6

*Chakejian v. Equifax Info. Servs.*, LLC, 256 F.R.D. 492 (E.D. Pa. 2009) ................................ 4, 9

*Cherry v. Dometic Corp.*, No. 19-13242 (11th Cir. 2021).............................................................. 6

*Clark v. Experian Info. Solutions, Inc.*, Nos. 8:00-1217-24, 8:00-1218-24, 8:00-1219-24
2002 U.S. Dist. LEXIS 20410 (D. S.C. June 26, 2002)................................................... 4, 9, 12

*Clark v. Experian Information* Solutions, No. 3:16-cv-00032 (MHL) (E.D. Va. Feb. 1, 2019) 4, 5

*Clark v. Trans Union, LLC*, No. 3:15-cv-00391 (MHL) (E.D. Va. Aug. 29, 2018).................. 4, 5

*Doran v. Missouri Dept. of Social Services*, 251 F.R.D. 401 (W.D. Mo. 2008) ........................... 9

*East Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395 (1977)........................................ 9

*Feliciano v. CoreLogic Rental Property Solutions,* LLC, 332 F.R.D. 98 (S.D.N.Y. 2019)…12, 13

*Flaum v Doctors Associates*, 16-CV-61198-CMA (S.D. Fla.).................................................... 10

*Hawkins v. S2Verify*, No. C 15-03502 WHA, 2016 U.S. Dist. LEXIS 97584 (N.D. Calif. July 26,
2016)................................................................................................................. 4, 9, 12

*In re Petrobras Sec. Litig.*, 862 F.3d 250, 264 (2d Cir. 2017)....................................................... 6

*In re Tetracycline Cases*, 107 F.R.D. 719 (W.D. Mo. 1985).................................................. 14-15

*Jones v. NovaStar Financial, Inc.*, 257 F.R.D. 181 (W.D. Mo. 2009) ........................................... 9

*Legg v. Laboratory Corporation of America Holdings*, No. 14-cv-61543-RLR (S.D. Fla.)........ 10

*Legg v. Spirit Airlines, Inc.*, No. 14-cv-61978-JIC (S.D. Fla.).................................................... 10

*Martin v Safeway*, RG19021180, (Alameda Cty, Calif.)............................................................. 10

*McIntyre v. RealPage, Inc.*, No. 18-3934, 2020 U.S. Dist. LEXIS 153885 (E.D. Pa. Aug. 25, 2020)..................................................................................................... 4, 9, 13

*McKay v. Tharaldson*, 272 F.R.D. 465 (D.N.D. 2011) ................................................. 11

*Miller v. Trans Union, LLC*, No. 3:12-CV-1715, 2017 U.S. Dist. LEXIS 7622 (M.D. Pa. Jan. 18, 2017)................................................................................................. 4, 9

*Mullins v. Direct Digital, LLC*, 795 F.3d 654, 658 (7th Cir. 2015).............................. 6

*O'Shaughnessy v. Cypress Media, L.L.C.*, No. 4:13-CV-0947-DGK, 2015 WL 4197789 (W.D. Mo. July 13, 2015) .......................................................................... 8

*Paxton v. Union Nat. Bank*, 688 F.2d 552 (8th Cir. 1982) ...................................... 9, 10

*Ramirez v. Trans Union, LLC*, 301 F.R.D. 408 (N.D. Calif. 2014)....................... 4, 9, 12

*Reyes v. Experian Info. Sols., Inc.*, No. SACV 16-00563 AG (AFMx) 2019 U.S. Dist. LEXIS 173144 (C.D. Cal. Oct. 1, 2019) .................................... 4, 7-8

*Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 524-25 (6th Cir. 2015)........................ 6

*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007)......... 1-2

*Sandusky Wellness Ctr., LLC v. Medtox Sci.*, Inc., 821 F.3d 992 (8th Cir. 2016)........................ 6

*Soutter v. Equifax Info. Servs.*, LLC, 307 F.R.D. 183 (E.D. Va. April 15, 2015) ................ *passim*

*Summerfield v. Equifax Info. Servs. LLC*, 264 F.R.D. 133 (D.N.J. Sept. 30, 2009).................. 4, 9

*Thomas v. Equifax Information Services, LLC*, No. 3:18-cv-00684-MHL (Sept. 13, 2019)...... 4, 5

*Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036 (2016) ........................................ 11

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ................................................ 8

## Statutes

15 U.S.C. § 1681e(b) .......................................................................................... *passim*

15 U.S.C. § 1681n.......................................................................................................... 2

**Other Authorities**

Fed. R. Civ. P. 23(a)(2) ........................................................................................... 8

Fed. R. Civ. P. 23(a)(4) ...................................................................................... 10-11

Fed. R. Civ. P. 23(b)(3) ..................................................................................... *passim*

Fed. R. Civ. P. 23(c)(4) ...................................................................................... passim

*Partial Class Actions and Subclasses*, Wright & Miller, 7AA Fed. Prac. & Proc. Civ. § 1790 (3d

    ed.) ................................................................................................................ 14

## INTRODUCTION

Plaintiff, Theresa Hill, seeks class certification for persons who had judgments entered against them that were subsequently satisfied, or vacated, but for whom Defendant continued to report such judgment. *See* First Am. Complaint (Doc. 16) ¶ 45 ("Complaint").

Plaintiff's expert has already identified ▇▇▇▇▇ putative class members whose information was not updated to reflect the judgment was satisfied or vacated within 90 days of that order despite LNRS knowing the industry standard to update judgment reporting is 60 days or less and despite LNRS selling this consumer reporting knowing putative class members would be adversely impacted by these inaccurate and out of date judgments reports.



In other words, there was no need to go to various courts to verify if judgment data should have been updated as ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇ and when LNRS knew the judgment should be reported as vacated or satisfied.

Thus, this case is a textbook example for class certification as the class' claims all succeed or fail if it was unreasonable for LNRS to fail to correct judgment data within 90 days.

## ARGUMENT

### I.    BACKGROUND

#### A.    Plaintiff's Claims and the Proposed Classes

Plaintiff brought this class action pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* (hereinafter "FCRA") for violation by the defendant, LexisNexis Risk Solutions Inc. ("LNRS"). Complaint ¶ 1. "Congress enacted [the] FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins.*

*Co. of Am. v. Burr*, 551 U.S. 47, 52, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007). "Even before the modern rise of 'big data,' Congress found that the credit industry's reliance upon 'computerized data banks' posed a 'great danger' that an individual's life and character would be 'reduced to impersonal blips and key-punch holes in a stolid and unthinking machine' and that, thereupon, his reputation would be ruined without cause." *Soutter v. Equifax Info. Servs.*, LLC, 307 F.R.D. 183, 192 (E.D. Va. April 15, 2015) (quoting 116 Cong. Rec. 36570 (1970) (citation and quotation marks omitted). "To serve the twin needs of commerce and the consumer, the FCRA requires that consumer reporting agencies ('CRAs') must accurately report credit information. *Id.* "'In recognition of the critical role that CRAs play in the credit markets and the serious consequences borne by consumers because of inaccurate information disseminated in consumer credit reports prepared by CRAs, Congress placed on a CRA what can only be described as very high legal duties of care[.]'" *Id.* (citation omitted).

One such duty is articulated in § 1681e(b), which provides that, "[w]henever a consumer reporting agency prepares a consumer report, it shall follow *reasonable procedures* to *assure maximum possible accuracy* of the information concerning the individual  about whom the report relates." 15 U.S.C. § 1681e(b) (emphasis added). Thus, a consumer reporting agency violates § 1681e(b) if (1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy. Soutter, 307 F.R.D. at 193. If the CRA's failure to comply with this provision is "willful," then a consumer may maintain a private right of action and seek statutory damages under § 1681n. *See* 15 U.S.C. § 1681n. "The plaintiff need not show 'malice or evil motive' to prove willfulness, only that the defendant 'knowingly and intentionally committed an act in conscious disregard for the rights of the consumer.'" *Id.* (citation omitted).

In this case, LNRS fails to follow reasonable procedures to gather information from the courts when the civil judgments are satisfied, vacated, appealed or similarly dismissed. In addition to incorporating this stale civil judgment information in its own credit reports, LNRS, through its data collection arm, ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

Plaintiff moves to certify a class of persons who were the subject of the outdated civil judgment reports described above under Rule 23(b)(3) for damages. Specifically, Plaintiff seeks certification of the following class:

> All natural persons who (1) were the subject of LNRS consumer report (2) within five years of the filing of this lawsuit (2) where the LNRS consumer report shows a civil judgment was entered and (3) that civil judgment was subsequently set-aside, dismissed, satisfied, appealed, or vacated, but (4) 90 days or more after the civil judgment was set-aside, dismissed, satisfied, appealed, or vacated, LNRS sold, disclosed or furnished the consumer report to a third-party without reflecting that the civil judgment has been set-aside, dismissed, satisfied, appealed, or vacated.

Complaint ¶ 45.

Alternatively, Plaintiff seeks certification under Rule 23(c)(4) on the issue of whether Defendant's alleged reporting of outdated civil judgment information violated Section 1681e(d)'s maximum possible accuracy requirement and whether its judgment information collection practices were reasonable procedures within the meaning of the statute.

---

[1] Internally, there is no distinction between LNRS and LNRDM. In fact, LNRDM's own Vice President and General Manager, Mark Johnson, testified that his email signature states that he works for LNRS, the defendant in this case. *See* Transcript of the Deposition of Mr. Johnson (Sept. 9, 2020) ("Johnson Tr.") at 42:3-13 (copy submitted herewith as Exhibit A); *see also id*. at 42:14-20 (describing counsel's question regarding the distinction between LNRS and LNRDM as a "trick question"; "[W]e're Lexis. * * * [W]e all work together."). Nor did Mr. Johnson know which of his 150 co-workers are employees of LNRS and which are employees of LNRDM. *See id*. at 40:2-11.

**B.      Certification of FCRA Claims Are Common**

Numerous courts have certified claims such as these alleging violations of the "reasonable procedures" and "maximum possible accuracy" requirements of Section 1681e(b), including many involving inaccurately reported court records. *See, e.g.*, *Reyes v. Experian Info. Sols., Inc.*, No. SACV 16-00563 AG (AFMx), 2019 U.S. Dist. LEXIS 173144, at \*14-15 (C.D. Cal. Oct. 1, 2019) (Certifying FCRA class where consumer report were prepared by Defendant during the class period); *Soutter*, LLC, 307 F.R.D. 183; *Ramirez v. Trans Union, LLC*, 301 F.R.D. 408 (N.D. Calif. 2014); *Clark v. Experian Info. Solutions, Inc.*, Nos. 8:00-1217-24, 8:00-1218-24, 8:00-1219-24, 2002 U.S. Dist. LEXIS 20410 (D. S.C. June 26, 2002) (inaccurate reporting of bankruptcies); *Hawkins v. S2Verify*, No. C 15-03502 WHA, 2016 U.S. Dist. LEXIS 97584 (N.D. Calif. July 26, 2016) (failure to accurately report criminal court records); *McIntyre v. RealPage, Inc.*, No. 18-3934, 2020 U.S. Dist. LEXIS 153885 (E.D. Pa. Aug. 25, 2020) (failure to accurately report court eviction records). *See also Miller v. Trans Union, LLC*, No. 3:12-CV-1715, 2017 U.S. Dist. LEXIS 7622 (M.D. Pa. Jan. 18, 2017) (certifying class action involving completeness and accuracy of consumer reports); *Chakejian v. Equifax Info. Servs.*, LLC, 256 F.R.D. 492 (E.D. Pa. 2009) (certifying class of consumers who claimed they were misled regarding source of public records information); *Summerfield v. Equifax Info. Servs. LLC*, 264 F.R.D. 133 (D.N.J. Sept. 30, 2009) (same).

In addition, this exact same claim was certified for settlement classes against the three largest credit bureaus. *See generally* Final Approval Orders in *Clark v. Trans Union, LLC*, No. 3:15-cv-00391 (MHL) (E.D. Va. Aug. 29, 2018); *Clark v. Experian Information Solutions*, No. 3:16-cv-00032 (MHL) (E.D. Va. Feb. 1, 2019); *Thomas v. Equifax Information Services, LLC*, No. 3:18-cv-00684-MHL (Sept. 13, 2019) (copies submitted herewith as "Group Exhibit B").

### C.    LNRS' Civil Judgment Information Business

LNRS is a CRA. Although the FCRA does not require LNRS to include civil judgments on consumer credit reports, LNRS chooses to do so in order to sell this information. LNRS obtains this information from LNRDM, which specializes in gathering information related to court filings and also sold this information under contracts with the three national credit reporting agencies ("NCRAs") during the class period. *See* Johnson Tr. at 17:23 – 18:5.

These contracts ended as a result of the settlement of three near-identical class actions centered on the allegation that civil judgment information reported by the NCRA was not accurate because it did not accurately reflect the ultimate disposition of such judgments. *See generally* Group Exhibit B. As part of those settlements, the NCRAs agreed not to report judgment information and if they do, it must be updated every 60 days.[2] *See* Stipulations and Agreements of Settlement in *Clark v. Trans Union, LLC*, Doc. 240-1 ¶ 4.6(b); *Clark v. Experian Information Solutions*, Doc. 126-1 ¶ 4.7(b); *Thomas v. Equifax Information Services*, LLC, Doc. 33-2 ¶ 4.4(b)(i).

## II.    Requirements for Class Certification

Rule 23(a) requires: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Here, Plaintiff moves for certification under Fed. R. Civ. P. 23(b)(3). Under Rule 23(b)(3), a class may be maintained if Rule 23(a) is met and "the court finds that the questions of law or fact

---

[2] Prior to these settlements, the CRAs were required to update judgment data *at least* every 90 days as a result of an agreement with over 30 state attorney generals. Expert Witness Report of Evan Hendricks, at 3 (Feb. 5, 2021) (copy submitted herewith as Exhibit C).

common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Plaintiff also moves, in the alternative, for certification under Rule 23(c)(4), which provides for certification of an "issue(s) class": "Where appropriate, an action may be brought or maintained as a class action with respect to particular issues." Fed. R. Civ. P. 23(c)(4).

### A.  Ascertainability

In this Circuit, the ascertainability determination is not a threshold inquiry. Rather, it is simply one part of a court's rigorous analysis of the Rule 23 requirements. *Sandusky Wellness Ctr., LLC v. Medtox Sci.*, Inc., 821 F.3d 992, 996 (8th Cir. 2016) ("[T]his court has not addressed ascertainability as a separate, preliminary requirement."). Similarly, the argument that the class has to be "administratively feasible," has been rejected in this Circuit.[3] *See Sandusky*, 821 F.3d at 996. In any event, ascertaining the proposed class is administratively feasible because Plaintiff's expert, Vivek Shah, Ph.D., has already done it. *See* Supplemental Expert Report of Vivek Shah, Ph.D. ¶ 6 (Feb. 5, 2021) ("Shah Supp. Rpt") (copy submitted herewith as "Exhibit D") ¶ 35 ("I can identify the associated consumer using the following fields: name, street address, city and state, zip code, and in some cases social security number" in the data produced).

Here, membership in the class can be determined through objective criteria using ███ ████████████████████████████████████████████████████████████████ ██████████████ There is nothing subjective or amorphous about these criteria. Accordingly, to the extent ascertainability is even required, the Court should find Plaintiff's

---

[3] *Accord Cherry v. Dometic Corp.*, No. 19-13242 (11th Cir. 2021); *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1126 (9th Cir. 2017); *In re Petrobras Sec. Litig.*, 862 F.3d 250, 264 (2d Cir. 2017); *Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 524-25 (6th Cir. 2015); *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 658 (7th Cir. 2015) ("Nothing in Rule 23 mentions or implies" it.).

proposed classes are ascertainable.

### B.    Federal Rule of Civil Procedure 23(a)

#### 1.    Numerosity

Rule 23(a)(1) requires that the proposed class be "the class is so numerous that joinder of all members is impracticable." Numerosity is unquestionably satisfied here, as the proposed classes comprise millions of consumers. *Cf. Babich v. Hendrick Auto. Grp. Corp.*, No. 08-00137-CV-W-JTM, 2009 U.S. Dist. LEXIS 138654, at *4 (W.D. Mo. Mar. 20, 2009) (proposed class of "thousands" of consumers satisfied numerosity.)



Shah Supp. Rpt ¶ 6; *see also* Expert Report of Vivek Shah, Ph.D. ¶ 5 (Oct. 30, 2020) ("Shah Rpt") (copy submitted herewith as Exhibit E). As a result, Dr. Shah was able to identify ▉▉▉▉▉▉ records reflecting Judgment dispositions that were reported 90 days or more after the Judgment was satisfied or vacated. Shah Supp. Rpt ¶ 9. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉ The Court should find numerosity has been met.

---

[4] LNRS hid this data from Plaintiff and the Court by claiming it did not preserve historical civil judgment information pertaining to Plaintiff and the proposed class. It even filed affidavits to this fact at this Court's request. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *See* Order Regarding Discovery Dispute (Doc. 135) (Dec. 3, 2020).

[5] "Section 1681e(b) claims aren't predicated on the dissemination of a consumer report to a third party." *Reyes v. Experian Info. Sols., Inc.*, No. SACV 16-00563 AG (AFMx), 2019 U.S. Dist. LEXIS 173144, at *24 (C.D. Cal. Oct. 1, 2019) (citing *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) ("[T]he district court erred in finding that any liability under § 1681e(b) was predicated, as a matter of law, on the occurrence of some event—denial of credit or transmission of the report to third parties—resulting from the compilation and retention of erroneous information"; *Miller v. Trans Union, LLC*, No. 3:12-CV-1715, 2013 U.S. Dist. LEXIS 140851, 2013 WL 5442008, at *7 (M.D. Pa. Aug. 14, 2013) ("[A]ctual transmission of the report to a third party is not a legally required element of a § 1681e claim.")). To the extent the Court deems publication is required and publication to the NCRAs was not sufficient, LNRS can readily identify which class member's information was published. *See Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1275 (11th Cir. 2019) ("if there is a plausible straightforward method to sort them out at the back end of the case, then the class might appropriately proceed as it is currently defined").

2.      **Commonality**

Rule 23(a)(2) is satisfied where there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Plaintiffs must show that there are common questions with "common answers apt to drive the resolution of the litigation" for the proposed class as a whole. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (quotation omitted). The class claims "must depend on a common contention" which is "of such a nature that it is capable of class wide resolution— which means that determination of its truth or falsity will resolve the issue that is central to the validity of each one of the claims in one stroke." *O'Shaughnessy v. Cypress Media*, L.L.C., No. 4:13-CV-0947-DGK, 2015 WL 4197789, at *6 (W.D. Mo. July 13, 2015) (citing *Dukes*, 564 U.S. at 350). "Even a single question of law or fact common to the members of the class will satisfy the commonality requirement." *Dukes*, 564 U.S. at 369.

Here, there are issues common to the members of each proposed class that can be resolved "in one stroke": "a. Whether LNRS adopted procedures whereby it collected and reported updates to public record civil judgments that were less systematic and effective than those it used to collect and report the underlying judgments; b. Whether LNRS's uniform procedure for collecting judgment dispositions (including those of its agent) was a reasonable procedure to ensure maximum possible accuracy in the credit reports it furnished; Whether the violations alleged by LNRS herein were conducted recklessly, knowingly, or intentionally in conscious disregard of the rights of class members; and d. Whether LNRS's conduct constituted violation of the FCRA." Complaint ¶ 47.

Numerous courts have certified claims alleging violations of the "reasonable procedures" and "maximum possible accuracy" requirements of Section 1681e(b), including many involving inaccurately reported court records. *See, e.g.*, *Reyes*, 2019 U.S. Dist. LEXIS 173144; *Soutter*, 307

F.R.D. 183; *Ramirez*, 301 F.R.D. 408; *Clark*, 2002 U.S. Dist. LEXIS 20410; *Hawkins*, 2016 U.S. Dist. LEXIS 97584; *McIntyre, Inc.*, 2020 U.S. Dist. LEXIS 153885. *See also Miller* 2017 U.S. Dist. LEXIS 7622; *Chakejian*, 256 F.R.D. 492; *Summerfield*, 264 F.R.D. 133.

The common questions this case presents focus on Defendant's conduct, meaning that the questions will be resolved through common proof, and without class certification, each individual class member would be forced to separately litigate the same issues of law and fact. Thus, class treatment is neither novel nor unwarranted.

### 3. Typicality

Rule 23(a)(3) requires that the claims of the representative parties be typical of the claims of the class. In other words, class representatives should have the same interests and seek a remedy for the same injuries as other class members. *See East Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977). It is "not necessary to first find that all putative class members share identical claims." *Jones v. NovaStar Financial, Inc.*, 257 F.R.D. 181, 187 (W.D. Mo. 2009). Instead, the "typicality 'requirement is generally considered to be satisfied if the claims or defenses of the representatives and the members of the class stem from a single event or are based on the same legal procedure or remedial theory.'" *Jones*, 257 F.R.D. at 187 (citing *Paxton v. Union Nat. Bank*, 688 F.2d 552, 562-63 (8th Cir. 1982)).

Plaintiff's claims are typical because they "emanate from the same legal theory or offense as the claims of the class." *Doran v. Missouri Dept. of Social Services*, 251 F.R.D. 401, 405 (W.D. Mo. 2008). Every class member had a judgment update that was not reflected in █████████ ██████████████████ until 90 days or more had passed thereby creating the false impression that the judgments as reported had not changed when in fact these judgments had been, for example, satisfied or vacated. In this and in all other respects, Plaintiff's claims are exactly the same as those

of the class members, each member has been injured in the same manner, and Plaintiff's interests are co-extensive with those of the proposed classes.

### 4.    Adequacy

Rule 23(a)(4) requires that the putative class representatives must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The rule has two components: "whether (1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel." *Paxton v. Union Nat. Bank*, 688 F.2d 552, 562-63 (8th Cir. 1982). Here, the adequacy requirement is met both as to counsel and as to class representative. Plaintiff's counsels, Stecklein & Rapp, Chtd., and Keogh Law, Ltd., are highly regarded, national plaintiffs' firm with numerous lawyers who have decades of collective experience as class action litigators. Its lawyers are recognized for obtaining some of the largest recoveries of their kind behalf of plaintiffs in consumer class actions, including many cases brought under the FCRA. *See* Keogh Law, Ltd., Firm Resume (attached as Exhibit F (citing *Flaum v Doctors Associates*, 16-CV-61198 (S.D. Fla.) ($30.9 million FCRA class settlement)); *Martin v Safeway*, RG19021180, (Alameda Cty, Calif.) ($20 million FCRA class settlement pending final approval); *Legg v. Laboratory Corporation of America Holdings*, No. 14-cv-61543 (S.D. Fla.) ($11 million); *Legg v. Spirit Airlines, Inc.*, No. 14-cv-61978 (S.D. Fla.) ($7.5 million)); *see also* Stecklein Declaration (attached as Exhibit G).

Likewise, Plaintiff satisfies the minimal requirements for adequacy imposed by Rule 23(a)(4). Here, Plaintiff attended the mediation, sat for a nearly six-hour deposition, provided sworn answers to interrogatories, documents and other information requested by Defendants. Her sworn deposition testimony confirms her understanding of the proceedings, including her responsibilities as a class representative, that she has actively reviewed pleadings, motions and

other papers filed in the case and that she has not been promised or offered anything in return. *See* Transcript of the Deposition of Theresa Hill (July 9, 2019) ("Hill Tr.) at 167:1 – 170:12 (copy submitted herewith as Exhibit H).   Thus, she is adequate.  *See, e.g., McKay v. Tharaldson*, 272 F.R.D. 465, 468 (D.N.D. 2011) ("deposition testimony of [the plaintiff shows] he understands the nature of the suit, his role as class representative, and can meaningfully assist the lawyers in the case. The adequacy of Plaintiff and her counsel satisfies the requirements of Rule 23(a)(4).

### C.    Federal Rule of Civil Procedure 23(b)(3)

Plaintiff seeks certification under Fed. R. Civ. P. 23(b)(3), which authorizes certification when "[t]he court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.*

### 1.    Predominance

As the Supreme Court has explained, "When one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (internal citations and quotation marks omitted). Common issues under Rule 23(b)(3) are those as to which the same evidence will suffice for each class member to make out a *prima facie* case. *See id.* "[T]he question at class certification is not whether [the plaintiff] is likely to win; the question is whether the quality of the questions common to the class predominate over the quality of any individualized issues." *Souter*, 307 F.R.D. at 216.

There are central issues in this action that are common to the class, as set forth in the Complaint and in Section II.C.2., *supra*, as they were in the numerous other Section 1681e(b) cases

cited therein where the same or similar issues satisfied the requirements of Rule 23(b)(3). In these similar Section 1681e(b) cases, the courts found "[d]etermining inaccuracy constitutes a common question." *Soutter*, 307 F.R.D. at 214 (citation omitted). First, "Inaccuracy is a principal element of the class claim and its commonality weighs in favor of class certification under the predominance inquiry." *Id.* Second, "the reasonableness of the procedures [the CRA] has chosen to employ to satisfy its duty to assure maximum possible accuracy is a common issue across the class. *Id.* at 215. Third, "the critical question of willfulness—resolved by common proof—predominates over the comparatively simple question of statutory damages." Id. at 216. Finally, "[b]ecause the common issue of liability predominates over the question of how to best apportion statutory damages, . . . Rule 23(b)(3)'s predominance requirement [is satisfied]." *Id.* at 217. *See also Ramirez*, 301 F.R.D. at 422 ("The overriding common question on this claim is whether Trans Union's name-only matching logic is a reasonable procedure to assure maximum possible accuracy."); *Clark*, 2002 U.S. Dist. LEXIS 20410, at *11 (whether the information on the class members' tradelines showing bankruptcy was misleading was common question for all class members that predominated over individual issues); *Hawkins*, 2016 U.S. Dist. LEXI 97584, at *17 (whether defendant's practices relating to reporting criminal records information violated the FCRA, and whether any such violations were willful, could be demonstrated on class-wide basis and predominated).

Indeed, there are at least two cases that are virtual copies of this one that where class certification was granted. In *Feliciano v. CoreLogic Rental Property Solutions, LLC*, 332 F.R.D. 98 (S.D.N.Y. 2019), the plaintiff alleged that the defendant violated the FCRA by "fail[ing] to insure the accuracy of . . . tenant data before selling the data and the resulting reports to prospective landlords, who rely on them to assess and screen potential tenants." *Id.* at 102. Like Plaintiff here,

the plaintiff in *Feliciano* alleged "that, because of delays and deficient practices in collecting and updating [court] records reported to landlords, defendant ha[d] inaccurately reported that housing suits against tenants were ongoing, when in fact the suits had been favorably resolved in favor of the tenant." *Id.* Also similar to this case, the plaintiff sought statutory damages. Because "[t]he allegations as to [defendant]'s collection, updating, and reporting of case information are common to all members of the class," common questions predominated. *Id.* at 107.

More recently, in *McIntyre v. RealPage, Inc.*, No. 18-3934, 2020 U.S. Dist. LEXIS 153885 (E.D. Pa. Aug. 25, 2020), the court certified a class of persons "who were  (a) the subject of a tenant screening report prepared by Defendant that (b) contained information about an eviction proceeding, but which (c) failed to state that the eviction proceeding had been withdrawn, dismissed, vacated, satisfied or otherwise resulted in a favorable disposition or had no judicial finding against the consumer who was the subject of a tenant screening report, as that eviction proceeding is reflected in court records publicly available at the time of Defendant's tenant screening report." As should be the case here, the court in *McIntyre* found "common issues predominate over any individualized issues related to Defendant's data collection practices." *Id.* at *35. "[T]he jury should be able to determine whether Defendant's a violation was "willful," or merely negligent, by considering common evidence related to Defendant's policy, practice and procedure without focusing on information individual to a class member." *Id.* The common issues in this case predominate in the same way.

Thus, as the above cases demonstrate, the common issues presented by this case, including whether Defendant's alleged practice of including outdated civil judgment information in its consumer reports can be determined through class-wide proof sufficient to satisfy Rule 23(b)(3)'s predominance requirement.

### 2.    Superiority

Rule 23(b)(3) requires that class resolution be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Rule 23(b)(3) lists four factors relevant to the superiority analysis: (a) the class members' interests in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the difficulties likely to be encountered in the management of a class action.

Individual consumers maintaining their own separate actions would be highly unlikely given the extensive research, expert witness knowledge and resources required to pursue these claims. Plaintiff's counsel has already undertaken much of this burden, to the benefit of class members. Concentrating the litigation in this forum makes sense, as this Court is already quite familiar with the facts underlying the common questions identified above. The common questions will be manageable for class determination, as they each depend on identical conduct by Defendant. Accordingly, the superiority requirement under Rule 23(b)(3) is met.

### D.    Federal Rule of Civil Procedure 23(c)(4) – Alternative "Issues" Class

In the alternative, Plaintiff seeks certification under Rule 23(c)(4)(A). Courts have applied subdivision (c)(4)(A) to allow a partial class action to go forward, leaving questions of reliance, damages, and other issues to be adjudicated on an individual basis. *See Partial Class Actions and Subclasses, Wright & Miller*, 7AA Fed. Prac. & Proc. Civ. § 1790 (3d ed.).

Notably, a case from this district recognized long ago that Rule 23(c)(4) may be used in situations where common questions do not predominate, but where determining particular issues on a representative basis might prove efficient and economical. *In re Tetracycline Cases*, 107

Case 3:22-cv-00046-JAG    Document 164    Filed 03/09/21    Page 20 of 23 PageID# 885

F.R.D. 719, 727 (W.D. Mo. 1985). The court found the appropriate application of the Rule 23(b) predominance requirement, as applied in a partial class certification request under Rule 23(c)(4) is "simply that the issues covered by the request be such that their resolution (as a class matter) will materially advance a disposition of the litigation as a whole. In applying this test the court must obviously consider the nature of the other potential issues in the litigation; but . . . the ultimate analytical process followed in that regard is quite different than in the usual application of this part of Rule 23(b)." *Id.* The court found that the effect of this determination was to lessen the importance of the predominance requirement, and instead correspondingly increase the importance of 23(b)(3)'s superiority requirement. *Id.*

As set forth herein, there are common dispositive answers to central questions in this case that will bind the class, such as whether Defendant's reporting of outdated civil judgment information violated Section 1681e(d)'s maximum possible accuracy requirement and whether its judgment information collection practices were reasonable procedures within the meaning of the statute. These questions can be answered in a "single stroke." Thus, it would be appropriate for these questions to be answered on a class-wide basis, particularly given this Court's history with and knowledge of this matter. Accordingly, in the alternative to Plaintiff's request for certification under Rule 23(b)(3), an issues class can be certified under Rule 23(c)(4), as the above common questions predominate that issues class.

## CONCLUSION

For all of the foregoing reasons, and for any other reasons that may appear to the Court, Plaintiff's Motion for Class Certification should be granted.

- 15 -

February 12, 2021                         Respectfully submitted,


                                           s/ William M. Sweetnam
                                          _____

                                          Keith J. Keogh, *pro hac vice*
                                          William M. Sweetnam, *pro hac vice*
                                          KEOGH LAW, LTD
                                          55 West Monroe Street, Suite 3390
                                          Chicago, Illinois 60603
                                          312-726-1092
                                          keith@keoghlaw.com
                                          wsweetnam@keoghlaw.com

                                          A.J. Stecklein #46663
                                          Michael Rapp #66688
                                          Matthew S. Robertson #70442
                                          STECKLEIN & RAPP, CHTD.
                                          748 Ann Avenue
                                          Kansas City, Kansas 66101
                                          (913) 371-0727
                                          aj@kcconsumerlawyer.com
                                          mr@kcconsumerlawyer.com
                                          msr@kcconsumerlawyer.com

                                          *Attorneys for Plaintiff and the Class*

## REQUEST FOR ORAL ARGUMENT

Plaintiff hereby requests oral argument on her Motion.

## <u>CERTIFICATE OF FILING</u>

The undersigned hereby certifies that a true copy of the foregoing was filed with the Clerk

of the Court's CM/ECF System, which will automatically notify counsel of record.


<u>s/ Matthew S. Robertson</u>